**THE CARROLTON OF FAYETTEVILLE, INC., Highland House of Fayetteville, Inc., Richard S. Allen, Sr., Plaintiff-Appellants,**

v.

**PINE MANOR REST HOME, INC., LTC Properties, Inc., North Carolina Department of Human Resources, Division of Facility Services, Certificate of Need Section, Defendant-Appellees.**

No. 5:96–CV–923–BR.

United States District Court,
E.D. North Carolina,
Western Division.

March 31, 1997.

---

Gregory Byrd Crampton, Raleigh, NC, S. Todd Hemphill, Bode, Call & Green, Robert Vincent Bode, William P. Janvier, Merriman, Nicholls & Crampton, for Carrolton of Fayetteville.

Gregory Byrd Crampton, Raleigh, NC, S. Todd Hemphill, Bode, Call & Green, Robert Vincent Bode, for Highland House of Fayetteville and Richard R. Allen, Senior.

Betty Kelley Sousa, Smith, Debnam, Hibbert & Pahl, Raleigh, NC, Santiago M. Estrada, William G. Berggren, Smith, Debman, Hibbert & Pahl, for Pine Manor Rest Home.

James A. Wellons, Jr., N.C. Dept. of Justice, Raleigh, NC, William H. McCullough, Parker, Poe, Adams & Bernstein, for North Carolina Department of Human Resources and LTC Properties.

## ORDER

BRITT, District Judge.

This matter is before the court on plaintiffs' appeal of the order of the Honorable A. Thomas Small, United States Bankruptcy Judge dated 9 August 1996 in which the court granted summary judgment for defendants, and denied summary judgment for the plaintiffs.

### I. BACKGROUND

The Carrolton of Fayetteville, Inc., Highland House of Fayetteville, Inc. and Richard R. Allen, Sr. (plaintiffs) filed the underlying adversary proceeding with the Bankruptcy Court seeking a declaratory judgment that the defendant-debtor, Pine Manor Rest Home, Inc. (Pine Manor or debtor) had forfeited its right to a Certificate of Need (CON) which it had received from the North Carolina Department of Human Resources to add fifty nursing beds at its Cumberland County facility. Defendant, LTC Properties, Inc. (LTC) is Pine Manor's major secured creditor and holds a perfected security interest in Pine Manor's CON. LTC intervened seeking a declaratory judgment that its interest in the CON is superior to that of plaintiffs.

In 1992 the North Carolina Department of Human Resources approved Pine Manor's request to add ninety nursing beds to its facility in Cumberland County. Plaintiffs, competitors of Pine Manor, filed objections to this approval with the North Carolina Office of Administrative Hearings. These objections were resolved by the parties entering into two settlement agreements. One such agreement was between plaintiffs, debtor and the State of North Carolina (the public agreement) and the other was between plaintiffs and debtor (the private agreement). The agreements provided that Pine Manor would be issued a CON for fifty nursing beds, Carrolton would be issued a CON for

thirty–five nursing beds and Highland House and Richard Allen, Sr. would be issued a CON for five nursing beds. The public agreement mentioned that Pine Manor would create the fifty new nursing beds by converting thirty existing beds to nursing beds and constructing twenty new nursing beds. Both agreements required Pine Manor to secure financing for the additional nursing beds by 15 December 1993.

On 9 December 1993 Pine Manor received a financing commitment from Southern National Bank (SNB) in the form of a letter providing $1.3 million in financing for a 100 bed facility that would include the conversion of fifty existing beds to nursing beds. Plaintiffs contend that this letter is a breach of the settlement agreement because it provides for the conversion of fifty beds rather than the conversion of thirty beds and the construction of twenty new beds.

On 10 January 1994, Pine Manor received notification from the North Carolina Department of Human Resources that the conversion of 50 beds as stated in the SNB letter was "in material compliance" with the CON and the settlement agreement. Plaintiffs, however, felt that this was a deviation from the settlement agreement and again filed contested cases with the North Carolina Office of Administrative Hearings. An Administrative Law Judge (ALJ) made a recommended decision that the settlement agreement required Pine Manor to convert thirty beds and construct twenty beds and the Department of Human Resources had erred in concluding that the SNB letter was in material compliance with the agreement. The ALJ's decision was adopted and included in the Final Agency Decision. This decision specifically states that it did not reach the issue of whether SNB's loan commitment was a breach of the settlement agreement because such a determination was not a matter of public issue, but was between the private parties. The Final Agency Decision is subject to an appeal in the Superior Court and such an appeal was pending at the time this bankruptcy was filed.

## II. *STANDARD*

This court reviews the findings of fact made by a bankruptcy court for clear error.

Bankruptcy Rule 8013; *See In re Hutchinson*, 5 F.3d 750 (4th Cir.1993). Findings of fact are not clearly erroneous unless "the reviewing Court on the entire evidence is left with the firm and definite conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Conclusions of law made by the Bankruptcy Court are to be reviewed *de novo*. *In Re Ballard*, 65 F.3d 367 (4th Cir.1995); *Savings and Loan Ass'n v. McCarthy Constr. Co.*, 884 F.2d 145 (4th Cir.1989).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. *DISCUSSION*

█ Plaintiffs presented five issues to this court for review: (1) whether the bankruptcy court erred in granting Pine Manor's motion for summary judgment; (2) whether the bankruptcy court erred in granting LTC's motion for summary judgment; (3) whether the Bankruptcy Court erred in denying plaintiffs' motion for summary judgment; (4) whether the bankruptcy court erred in finding that Pine Manor did not breach the public settlement agreement; and, (5) whether the Bankruptcy Court erred in finding that Pine Manor did not forfeit its interest to the CON allowing 50 additional nursing beds. Although plaintiffs identified these five issues for review, plaintiffs' brief only addresses the merits of Issue 4.

█ An appellant must do more that just raise an issue in its brief for that issue to be reviewed by the court. The appellant has the duty to press an issue in a "professionally responsible fashion." *Pearce v. Sullivan*, 871 F.2d 61, 64 (7th Cir.1989). Issues which are merely "averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal." *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 36 (1st Cir.1994); *accord In re Arnold*, 869 F.2d 240, 244–45 (4th Cir.1989).

As to Issue 1, Pine Manor moved for summary judgment on the basis that the Settlement Agreements were executory contracts which could be assumed under 11 U.S.C. § 365. As to Issue 2, LTC moved for summary judgment on the grounds that its perfected security interest was superior to the unperfected interest of the plaintiffs. Plaintiffs do not address the merits of either of these arguments and point to nothing in the record which suggests that the grantings of summary judgment in favor of Pine Manor and LTC were in error. Plaintiffs' brief also fails to specifically address the merits of its own motion for summary judgment, Issue 3, or the merits of the argument concerning the forfeiture of the CON, Issue 5. As such, plaintiffs have failed to present any argument that the Bankruptcy Court erred in its ruling as to Issues 1, 2, 3, and 5.

▮ The only issue plaintiffs truly briefed was Issue 4. The crux of their argument is that Pine Manor breached the public settlement agreement in that the financing it secured was for conversion of all the allotted beds, rather than conversion of thirty beds and construction of twenty beds. The Bankruptcy Court found as a fact that the SNB letter substantially complied with the requirement to secure a financing commitment by the 13 December 1993 deadline. This finding of fact was not clearly erroneous, but was based upon undisputed facts in the record. Specifically, the Bankruptcy Court relied upon the fact that the Final Agency decision did not reach the issue of whether the 9 December 1993 letter was a breach of the agreement and that CON applicants routinely request and are given variations of the provisions of the CON. It is uncontroverted that plaintiffs themselves have requested and received modifications to the provisions of the CONs that they received as a result of the settlements at issue. These facts clearly support the Bankruptcy Court's finding that Pine Manor substantially complied with the terms of the agreements.

## IV. CONCLUSION

For the reasons stated above, the Order of the Bankruptcy Court dated 9 August 1996 granting summary judgment for Pine Manor and LTC, and denying summary judgment for plaintiffs is hereby AFFIRMED.